Dick A. Semerdjian, Esq. (SBN 123630)
Keith A. Liker, Esq. (SBN 113871)
SCHWARTZ SEMERDJIAN BALLARD & CAULEY LLP
101 W. Broadway, Suite 810
San Diego, CA 92101
Telephone: (619) 236-8821
Facsimile: (619) 236-8827
das@ssbclaw.com

Attorney for Plaintiff Gold River, LLC, a Nevada limited liability company dba Nevada Gold River, LLC, a California limited liability corporation

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD RIVER, LLC, a Nevada limited liability company dba Nevada Gold River, LLC, a California limited liability corporation,<br><br>Plaintiff,<br><br>v.<br><br>LA JOLLA BAND OF LUISEÑO MISSION INDIANS,<br><br>Defendant. | Case No. **'11CV1750 JM   BGS**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, GOLD RIVER, LLC, a Nevada limited liability company dba Nevada Gold River, LLC, a California limited liability corporation, brings this action against Defendant LA JOLLA BAND OF LUISEÑO MISSION INDIANS, and alleges as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff, GOLD RIVER, LLC, a Nevada limited liability company dba Nevada Gold River, LLC, a California limited liability corporation ("Plaintiff"), is a Nevada limited liability company, licensed to do business in the State of California as Nevada Gold River, LLC, a California limited liability corporation.

2. Defendant, LA JOLLA BAND OF LUISEÑO MISSION INDIANS ("Defendant"), is a federally-recognized Native American Indian Tribe having federally-recognized powers of self-government, with Tribal Administrative Offices located at 22000 Highway 76, Pauma Valley,

1  County of San Diego, California 92061.

2      3.    This Court has Federal Subject Matter Jurisdiction to adjudicate this action as relating to Indian rights and affairs and pertaining to Indian gaming, pursuant to 28 USC Section 1331, <u>Sycuan Band of Mission Indians v. Roache</u> (9th Cir. 1999) 38 F.3d 402, 405; and <u>National Farmers Union Insurance Co. v. Crow Tribe</u> (1985) 471 U.S. 845, 850-853.

    4.    This Court also has Diversity of Citizenship Jurisdiction to adjudicate this action, because Plaintiff is a Nevada limited liability corporation, with its principal place of business located in the City of Houston, Harris County, State of Texas, and Defendant is a federally-recognized, self-governing Indian Native American Tribe residing on tribal lands located within the County of San Diego, State of California.  This Court therefore has Federal Diversity Jurisdiction pursuant to the United States Constitution, Article III, Section 2, and 28 U.S.C. section 1332, and because the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

    5.    This Court further has jurisdiction to adjudicate this action because Plaintiff and Defendant each consented in writing to the jurisdiction of this Court pursuant to the terms of a written Limited Recourse Promissory Note dated March 26, 2005, Article IV(c), a copy of which is attached hereto and incorporated herein by reference as Exhibit "A" ("the Note").

    6.    Venue is proper in the United States District Court, Southern District of California, pursuant to 28 U.S.C. section 1391(a)(1) and (c), in that Defendant resides in this judicial district and the parties expressly consented to venue in this judicial district pursuant to Article IV(c), and(d) of said the Note (Exhibit "A").

## II. STATEMENTS OF FACT

    7.    On or about August 9, 2004, Plaintiff and Defendant entered into a formal business relationship pursuant to which Plaintiff was to assist Defendant to develop an Indian gaming casino and resort on Defendant's Tribal Land in Pauma Valley, California.

    8.    In connection therewith, on or about March 26, 2005, Defendant executed said written Note, as the "Maker", for the benefit of Plaintiff, as the "Holder", in the amount of $1,500,000, in return for Plaintiff advancing investment monies to Defendant.  The Note bears lawful interest at the rate of eight and one-half (8.5%) percent per annum (pursuant to Article I (d) of the Note.  In

addition, pursuant to the terms of the Note, Plaintiff is entitled to a three (3%) percent financing fee of the principal amount of the Note, pursuant to Article I (d) thereof.

9. The total principal amount advanced by Plaintiff to Defendant pursuant to the Note is $1,357,904.30. The accrued interest on the Note through the date of filing of this action, is approximately $659,175.35.

10. Pursuant to Article I (b) of the Note, the outstanding principal balance due to Plaintiff under the Note is the principal amount of $1,500,000.00, together with all accrued interest thereto, which was due and payable by Defendant in full on or before August 9, 2007.

11. Article II (a)(i) of the Note expressly provides that the failure by Defendant to timely pay the outstanding balance to Plaintiff, when due, constitutes an Event of Default.

12. To date, Defendant has made no repayment of the outstanding balance due, owing, and payable to Plaintiff, of either principal or interest, and pursuant to the express terms of the Note, Defendant is currently in Default on the Note.

13. There has been no extension of the term, or modifications of the term or date for payment of the Note.

14. Defendant is therefore in breach of the terms of the Note by reason of its failure to make the required payment to Plaintiff of principal and interest, and same is now past-due.

15. Pursuant to Article IV (a) of the Note, Defendant expressly granted Plaintiff a limited waiver of its Sovereign Immunity, and pursuant to Article IV (c)(i) of the Note, Defendant expressly consented to a lawsuit in this Court for actions brought by Plaintiff in connection with the enforcement of its rights against Defendant arising out of Defendant's Default of the Note.

### III. FIRST CLAIM FOR RELIEF
#### (Breach of Written Contract)

16. Plaintiff incorporates herein each and every allegation set forth in paragraphs 1 through 15, above, as though fully set forth at length herein.

17. Pursuant to the terms of the Note, Defendant was obligated to provide payment in full of all principal together with accrued interest at 8.5%, to Plaintiff no later than August 9, 2007.

18. The Note identifies Defendant's non-payment of the Note as an Event of Default.

19. Defendant has defaulted and breached the terms of the Note by failing to provide full payment of principal and interest to Plaintiff pursuant to the terms of the Note. To date, no payment of any monies which are due and owing to Plaintiff has been made by Defendant.

20. Plaintiff has performed all of its obligations required pursuant to the Note.

21. As a direct and proximate result of Defendant's breach of the Note as described herein, Defendant owes Plaintiff the principal sum of $1,500,000.00, together with interest thereon at the rate of 8.5% per annum from August 9, 2007, the 3% financing fee, together with costs and expenses, including reasonable attorneys' fees and costs of court, pursuant to Article II(b)(iv) of the Note.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this matter.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For damages in the amount of $2,057,816.78, which amount includes the principal outstanding amount of $1,500,000.00 under the Note, together with accrued interest at 8.5% per annum, and the 3% financing fee set forth in Article I(d) of the Note;

2. For reasonable attorneys' fees, costs, and expenses pursuant to Article II(b)(iv) of the Note;

3. For costs of suit incurred herein pursuant to Article II(b)(iv) of the Note; and

4. For such other and further relief as this Court deems just and proper.

DATED: August 5, 2011

SCHWARTZ SEMERDJIAN
BALLARD & CAULEY, LLP

By: s/ Dick A. Semerdjian
Dick A. Semerdjian
Keith A. Liker
Attorneys for Plaintiff Gold River, LLC, a Limited Liability Corporation, dba Nevada Gold River, LLC a California corporation

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GOLD RIVER, LLC, a Nevada limited liability company dba Nevada Gold River, LLC, a California limited liability corporation,

## DEFENDANTS
LA JOLLA BAND OF LUISEÑO MISSION INDIANS,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Schwartz Semerdjian Ballard & Cauley,
101 W. Broadway, Suite 810
San Diego, California 92101
619.236.8821

Attorneys (If Known)

**'11CV1750 JM   BGS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 362 Personal Injury - Med. Malpractice | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 365 Personal Injury - Product Liability | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 630 Liquor Laws | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 640 R.R. & Truck | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [X] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 650 Airline Regs. | [ ] 710 Fair Labor Standards Act | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | [ ] 660 Occupational Safety/Health | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | **PERSONAL PROPERTY** | [ ] 690 Other | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | [ ] 370 Other Fraud | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 371 Truth in Lending | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 380 Other Personal Property Damage | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | **CIVIL RIGHTS** | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 441 Voting | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 442 Employment | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 443 Housing/Accommodations | [ ] 462 Naturalization Application | | |
| | [ ] 444 Welfare | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | [ ] 445 Amer. w/Disabilities - Employment | [ ] 465 Other Immigration Actions | | |
| | [ ] 446 Amer. w/Disabilities - Other | **PRISONER PETITIONS** | | |
| | [ ] 440 Other Civil Rights | [ ] 510 Motion to Vacate Sentence **Habeas Corpus:** | | |
| | | [ ] 530 General | | |
| | | [ ] 535 Death Penalty | | |
| | | [ ] 540 Mandamus & Other | | |
| | | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1331

Brief description of cause:
Indian rights and affairs; Breach of Contract by Indian Tribe

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 2,057,817
- [X] CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/5/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

CSDJS44