# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD RIVER, LLC, | CASE NO. 11cv1750 JM(BGS) |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE |
| vs. | |
| LA JOLLA BAND OF LUISENO MISSION INDIANS, | |
| Defendant. | |

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant La Jolla Band of Luiseno Mission Indians ("La Jolla Band") moves to dismiss the action based upon the doctrine of sovereign immunity. Plaintiff Gold River, LLC ("Gold River") opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss with prejudice and instructs the Clerk of Court to close the file.

## BACKGROUND

The original complaint, filed on August 5, 2011, alleged a single claim for breach of contract. (Ct. Dkt. 1). Gold River is a Nevada limited liability company and La Jolla Band is a "federally recognized Native American Indian Tribe having federally recognized powers of self-government." (Compl. ¶2). Gold River alleges that it entered into an agreement with La Jolla Band on August 9, 2004 to assist La Jolla Band "to develop an Indian gaming casino and resort on Defendant's Tribal Land in Pauma Valley, CA." (Compl. ¶7). Ultimately, Gold River alleges that it advanced to La Jolla

1   Band $1,357,904.30 and the unpaid accrued interest amount is $659,175.35. (Compl. ¶10). Gold
2   River alleges that La Jolla Band has failed to repay the note and accrued interest and that La Jolla
3   Band provided in relevant contract documents an express "limited waiver of its Sovereign Immunity."
4   (Compl. ¶15).

5   On September 7, 2011 La Jolla Band moved to dismiss the original complaint based upon the
6   doctrine of sovereign immunity. La Jolla Band argued that the underlying agreements (eight in total)
7   were void under federal law and, therefore, the limited express waiver of sovereign immunity
8   contained in those agreements was void as well. (Ct. Dkt. 4). On September 27, 2011, Gold River
9   filed the operative First Amended Complaint ("FAC"). (Ct. Dkt. 5).

10   The FAC abandoned the breach of contract claim and instead alleges two equitable claims for
11   relief: a claim of unjust enrichment and a second for "Money Had and Received." (FAC ¶17-21). In
12   broad brush, Gold River seeks to recover the monies advanced to La Jolla Band. Id. With respect to
13   sovereign immunity, Gold River "is informed and believes and herein alleges Defendant has
14   unequivocally and expressly waived Tribal Immunity for the claims asserted herein by Plaintiff."
15   (FAC ¶11).

16   La Jolla Band moves to dismiss the action pursuant to Fed.R.Civ.P 12(b)(1) based upon the
17   doctrine of sovereign immunity. Gold River opposes the motion.

18   **DISCUSSION**

19   As a starting point, Gold River, as the party asserting federal jurisdiction, has the burden to
20   demonstrate its existence. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Where
21   principles of sovereign immunity are at play, the plaintiff "bears the burden of pointing to such an
22   unequivocal waiver of immunity." Levin v. United States, -- F.3d --, 2011 WL 5865890 (9th Cir.
23   November 23, 2011) (quoting Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983)).[1]

24   As a matter of well-established federal law, "an Indian tribe is subject to suit only where
25   Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe of Oklahoma v.
26   Manufacturing Technologies, Inc., 523 U.S. 751, 754 (1998). A waiver of sovereign immunity "cannot

---

[1] Rule 12(b)(1) provides the procedural vehicle to raise facial attacks to the court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

be implied but must be unequivocally expressed." <u>United States v. King</u>, 395 U.S. 1, 4 (1969): <u>C & L Enterprises, Inc. V. Citizen Band Potawatomi Indian Tribe of Oklahoma</u>, 532 U.S. 411, 418 (2001) (waiver of sovereign immunity must be clear and unequivocal).

Here, the only showing on sovereign immunity made by Gold River consists of the following allegation:

> Plaintiff is informed and believes and herein alleges Defendant has unequivocally and expressly waived Tribal Immunity for the claims asserted herein by Plaintiff.

(FAC ¶11). In its opposition to this motion, Gold River fails to submit (or identify) any further jurisdictional facts (by proffer or admissible evidence) in support of finding a waiver of sovereign immunity. Rather, Gold River argues that it complied with its obligations by providing "a short and plain statement of the grounds for the Court's jurisdiction." Fed.R.Civ.P. 8(a)(1). This argument is not persuasive because, under Rule 8(a), well-pleaded allegations must do more than permit the court to infer the mere possibility of waiver of sovereign immunity. <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009). At a minimum, Gold River must identify the basis from which the court is able to construe an unequivocal waiver of sovereign immunity (i.e. by statute or contract). Pleading that La Jolla Band "unequivocally and expressly waived Tribal Immunity," is a legal conclusion, not a factual one. <u>See</u> <u>O'Bryan v. Holy See</u>, 556 F.3d 361, 376 (6th Cir. 2009) (court need not accept legal conclusions couched as factual ones). Conclusory allegations, especially those made upon information and belief, "do not suffice." <u>Ashcroft</u>, 129 S.Ct. at 1949. Accordingly, the FAC's conclusory sovereign immunity allegation is insufficient, as a matter or law, to support the exercise of the court's jurisdiction over the FAC.

Furthermore, where jurisdiction is specifically challenged, like here, Gold River has the burden to demonstrate with admissible evidence that this court possesses subject matter jurisdiction over its claims. <u>See</u>  <u>Levin v. United States</u>, -- F.3d --, WL 5865890 (9th Cir. 2011); <u>Apex Digital, Inc., v. Sears, Roebuck & Co.</u>, 572 F.3d 440, 444 (7th Cir. 2009). Gold River fails to meet this burden. It does not come forward with any admissible evidence in support of a finding of waiver of sovereign immunity. Accordingly, the court grants the motion to dismiss the action with prejudice.

///

1        In sum, the court grants the motion to dismiss the action with prejudice and instructs the Clerk of Court to close the file.

**IT IS SO ORDERED.**

DATED: December 9, 2011

                                             Hon. Jeffrey T. Miller
                                             United States District Judge

cc:        All parties